## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**WILLIAM McCONNICO,**

        **Petitioner,**

**v.**                                          **5:04CV4-SPM/AK**

**WARDEN MONICA WETZEL &**
**UNITED STATES OF AMERICA,**

        **Respondents.**

_____/

## REPORT AND RECOMMENDATION

Presently before the Court is Petitioner's *pro se* § 2241 petition.  Doc. 1.  Respondents have filed their response, Doc. 12, and Petitioner has filed his reply.  This cause is therefore in a posture for decision.  Having carefully considered the matter, the Court respectfully recommends that the petition be denied, and this cause be dismissed with prejudice.

## BACKGROUND

Petitioner is presently serving a term of 408 months imprisonment for several bank robbery and firearms charges.  Of importance on this occasion is the September 12, 1994, judgment entered by the United States District Court for the Middle District of Alabama.  In that judgment, the court ordered Petitioner to pay restitution in the amount of $8,671.99.  Doc. 12, Ex. 4.  The court further ordered, "Restitution is due this date."  *Id.*

At the time this petition was filed, Petitioner was incarcerated at FCI Marianna and was repaying his fine through the Inmate Financial Responsibility Program (IFRP).  Doc. 12, Ex. 5. He is presently incarcerated at FCI Williamsburg, Salter, South Carolina.  *See* Doc. 16; *see also* http://www.bop.gov/iloc2/LocateInmate.jsp.

In his petition, Petitioner maintains that Respondent does not have the authority to set and schedule installment payments to fulfill his court-ordered financial obligations and that he should not be "forced" to participate in the IFRP.  Doc. 1.  In making this argument, Petitioner relies on *United States v. Prouty*, 303 F.3d 1249, 1255 (11th Cir. 2002), which held that it was improper for the court to order payment of restitution immediately while simultaneously delegating to the probation office the task of setting the repayment schedule.  In the Eleventh Circuit's view, the Mandatory Victims Restitution Act expressly precluded the district court from delegating the task of setting the payment schedule, which is a core judicial function.  *Id*.

As relief, Petitioner seeks an injunction to prevent Respondents from subjecting him to double jeopardy "by forcing [him] to participate in [their]  IFRP because the sentencing court 'only' ha[s] authority in setting installment payments schedule...once it was determined that [he] is unable to pay the court imposed monetary penalty in full immediately. " As relief, he requests that he be removed from IFRP and placed in "No Obligation Status" or, alternatively, immediate release from prison.  Doc. 1.  Petitioner maintains that he has exhausted his administrative remedies as required under *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004).   The Government contests that conclusion.  Doc. 12.  In the interest of judicial, the Court will assume exhaustion, so that it may proceeds to the merits of Petitioner's claims.

## DISCUSSION

Pursuant to 18 U.S.C. § 3572, a person "sentenced to pay a fine or other monetary

penalty, including restitution, shall make such payment immediately, unless, in the interest of

justice, the court provides for payment on a date certain or in installments."  18 U.S.C. §

3572(d)(1).  "If the court provides for payment in installments, the installments shall be in equal

monthly payments over the period provided by the court, unless the court establishes another

schedule."  *Id*.  "If the judgment...permits other than immediate payment, the length of time over

which scheduled payments will be made shall be set by the court, but shall be the shortest time in

which full payment can reasonably be made."  18 U.S.C. §3572(d)(2).  In this case, the judgment

specified immediate payment of the full amount of restitution.

   "[P]ayment of restitution is delinquent if a payment is more than 30 days late."  18

U.S.C. § 3572(h).  "[P]ayment of restitution is in default if a payment is delinquent for more than

90 days...[W]hen...payment of restitution is in default, the entire amount of the...restitution is due

within 30 days after notification of the default, subject to the provisions of section 3613A."  *Id.*

at § 3572(i).  Section 3613A in turn contemplates the effects of a default in payment of

restitution: "Upon a finding that the defendant is in default on a payment of...restitution, the

court may...resentence a defendant pursuant to section 3614, hold the defendant in contempt of

court...or take any other action necessary to obtain compliance with the order of...restitution."

18 U.S.C. § 3613A(a)(1).  If the defendant "knowingly fails to pay a delinquent...restitution the

court may resentence the defendant to any sentence which might originally have been imposed,"

18 U.S.C. § 3614(a), including imprisonment: "The defendant may be sentenced to a term of

imprisonment under subsection (a) only if the court determines that--

(1) the defendant willfully refused to pay the delinquent fine or had failed to make sufficient

bona fide efforts to pay the fine...."  *Id*. at § 3614(b).

   The significant consequences of a defendant's willful refusal to pay restitution or his

failure to make sufficient efforts to pay restitution lead logically into a consideration of the IFRP, the purpose of which is to "encourage[ ] each sentenced inmate to meet his...legitimate financial obligations." 28 C.F.R. § 545.10. Court-imposed restitution is a recognized legitimate financial obligation. *Id*. at § 545.11(a)(2). "When an inmate has a financial obligation, [prison] staff shall help [the] inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. Steps towards helping an inmate meet his financial obligations begin during the initial classification process. *Id*. at § 545.10. "[A]t subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility." *Id*. In the end, the inmate himself is "responsible for making satisfactory progress in meeting his...financial responsibility plan and for providing documentation of these payments to unit staff." *Id*. at § 545.11(b). If an inmate refuses to participate in the IFRP or fails to comply with his financial plan, he is denied certain incentives which are reserved for participating inmates, such as furlough, bonus pay, outside work assignments, and placement in community-based programs, and is subject to limits on his commissary spending and placement in the lowest housing status. *Id.* at § 545.11(d).

Though frequently challenged, the IFRP has universally been upheld as constitutional and as fulfilling legitimate penalogical interests. *See*, *e.g*., *McGhee v. Clark*, 166 F.3d 884, 886-87 (7th Cir. 1998). IFRP has not been addressed by the Eleventh Circuit, but there is no reason to think that the Eleventh Circuit would deviate from the conclusions of its sister courts in this regard.

Despite Petitioner's protestations to the contrary, this case is factually distinguishable from *Prouty*. In *Prouty*, the court was not sufficiently clear as to its true intentions with regard to the restitution order. On the one hand, it declared that restitution was due immediately, while

on the other hand, it waivered after the defendant objected to immediate payment on the ground

that he did not have the means to make immediate restitution.  *Prouty*, 303 F.3d at 1251.  The

court denied the defendant's request that it set a reasonable payment schedule, stating instead

that it would "'leave that to the discretion of the Probation Office or whoever does that.'"  *Id*.

And therein lay the problem, according to the Eleventh Circuit, which found the restitution order

to be improper because it required "'immediate' payment with an informal understanding that

the probation office shall set a repayment schedule."  *Id*. at 1255.

       In this case, the Court ordered in its judgment that the fine was due "this date," i.e., the

date of the judgment, or in other words, immediately.  Without the ambiguity which occurred in

*Prouty,* a court's order that a fine is payable immediately does indeed establish a payment

schedule, i.e., a schedule requiring immediate payment.  *See United States v. Martinez*, 2003 WL

257139, at *3 (11th Cir. Feb. 7, 2003).  Petitioner's presentation of a Probation Service form

requiring payment of any unpaid restitution during the term of supervised release does not make

the unequivocal wording of the judgment suspect and does not suggest that the court deviated at

sentencing from that payment schedule so as to create a *Prouty* concern.

       With that said, the question remains whether the creation of a financial responsibility

plan through the IFRP which permits an inmate to make monthly or quarterly payments towards

a fine impermissibly interferes with the court's judicial function of establishing the payment

schedule itself.  In this Court's view, it does not.  Instead, the IFRP gives an inmate who owes a

legitimate financial obligation an opportunity to fulfill all the terms of a judgment, terms which

were set by the court in the payment schedule.  Imposing a monetary penalty and then turning

the enforcement of that penalty over to the Bureau of Prisons is not impermissible.  It is

generally recognized that when a court orders that restitution is due immediately, it does not require "immediate payment in full but 'payment to the extent that the defendant can make it in good faith, beginning immediately.'"   *McGhee*, 166 F.3d at 886 (citation omitted).  Assisting an inmate to meet his financial obligations and to become financially responsible are legitimate functions of a prison; to allow an inmate to disregard those obligations, as the instant Petitioner desires, would place the penitentiary in the position of ignoring its own court-ordered enforcement obligations with full knowledge that the inmate faces significant legal consequences if he does not take steps towards meeting those obligations.  Such an approach would hardly fulfill the prison's obligations to protect, instruct, and discipline those charged to its care.

Petitioner has pointed to nothing which even suggests that his participation in the IFRP is anything other than voluntary or that his participation in the IFRP subjects him to cruel and unusual punishment or to double jeopardy.  Though there are certainly incentives to participation, he has pointed to no "harsh sanctions" for an inmate's refusal to participate in the IFRP.  A non-participating inmate simply does not get choice job or housing assignments and cannot spend as much as he would like at the commissary or be given furlough.  There is nothing unconstitutional or improper about using carefully selected and enticing incentives to encourage an inmate to pay what he legitimately owes.

The courts which have considered the fact pattern presented here are in agreement.  *See Bramson v. Winn*, 136 Fed. Appx. 380 (1st Cir. 2005); *Matheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002); *McGhee v. Clark*, 166 F.3d 884 (7th Cir. 1998); *Montano-Figueroa v. Crabtree*, 162 F.3d 548 (9th Cir. 1998), *cert. denied*, 526 U.S. 1091 (1999); *Pleasants v. Dewalt*, 2003 WL 23350442 (E.D.N.C. Feb. 14, 2003); *Solis v. Menifee*, 2000 WL 1401633 (S.D.N.Y. Sept. 25,

2000); *Hudson v. True*, 1999 WL 1285832 (D. Kansas Dec. 23, 1999).

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DENIED** and that this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **26th** day of September, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**